**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*Tamara Giwa*
Executive Director

*Jennifer L. Brown*
Attorney-in-Charge

## **MEMO ENDORSED**

September 18, 2024

**BY ECF AND EMAIL**
Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. William Burgess,**
        **21 Cr. 563 (LTS)**

Dear Judge Swain:

    I write to request that the Court order the termination of William Burgess's supervised release at this time. The Probation Office supports this application, and the government has no objection to it.

    The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court considers the § 3553(a) factors to the extent they are applicable, but it does not consider punishment for the underlying offense. Id. (enumerating 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), and specifically omitting § 3553(a)(2)(A) (punishment for the offense)).

    Mr. Burgess has been on supervised release since August 2023, when he completed the 24-month prison sentence that this Court imposed in this 21 U.S.C. § 841(b)(1)(C) drug case. He has been gainfully employed during the entire period of his supervision, having obtained work while still at the halfway house. He currently works for Gordon's Maintenance Services, a temp agency, doing maintenance and housekeeping at Mount Sinai Hospital. He is employed full time and makes $18 per hour. The Hospital has been impressed with Mr. Burgess's work ethic and has offered him a direct-employee position at higher pay. He is currently going through the onboarding process. Burgess has paid his special assessment and

has been assessed by Probation not to require mental health or substance use treatment.

      I submit that termination of Mr. Burgess's supervision at this time "is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1).  Mr. Burgess's Probation officer, Brianna Willborn, has advised me that she supports early termination and feels that "Mr. Burgess is very deserving." AUSA Christy Slavik advises that the government has no objection to termination of Mr. Burgess's supervised release at this time.

                                                   Respectfully submitted,
                                                   /s/
                                                 Clay H. Kaminsky
                                                 Assistant Federal Defender
                                                 (212) 417-8749

cc:    AUSA Christy Slavik
       USPO Brianna Willborn

The Court, having considered the factors set forth in both 18 U.S.C. § 3553(a), and the Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(a), concludes that early termination of Mr. Burgess' supervised release is in the interest of justice because, as described above, Mr. Burgess has complied with the conditions of his supervised release and has demonstrated "exceptionally good behavior" since he began his supervised release.  <u>U.S. v. Lussier</u>, 104 F.3d 32, 36 (2d Cir. 1997).  Mr. Burgess' request is granted, effective September 23, 2024.  DE 37 resolved.
SO ORDERED.
9/19/2024
/s/ Laura Taylor Swain, Chief USDJ